IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MILTON CUEVAS, Reg. No. 16807-043, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:18cv726-WKW |
| ) | [WO] |
| CARLOS A. REYES-SACIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a federal prisoner incarcerated at the Federal Medical Center in Rochester, Minnesota, filed this *Bivens*[1] civil rights action in which he alleges medical malpractice and deliberate indifference to medical needs against prison officials and medical professionals for events taking place in Montgomery, Alabama. Although Plaintiff submitted an affidavit to support a motion for leave to proceed *in forma pauperis*, it was not accompanied by the requisite account information from the account clerk at the Federal Medical Center in Rochester. Thus, the pleadings filed by Plaintiff did not provide the court with the information necessary for a determination whether he should be allowed to proceed without prepayment of a filing fee. The court ordered Plaintiff to file either (1) a prison account statement from the account clerk at the Federal Medical Center in Rochester showing the average monthly balance in Plaintiff's prison account for the six-month period immediately preceding the filing of his complaint and the average monthly deposits to

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Plaintiff's account during the past six months, or (2) the $400.00 filing/administrative fee. Doc. # 6 at 2. The order specifically cautioned Plaintiff "that if he fails to comply with this order, the Magistrate Judge will recommend this case be dismissed." *Id*.

Plaintiff has failed to file either the requisite financial information or the filing fee within the time provided by the court. Absent either pre-payment of the requisite fees or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes this case is due to be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of Plaintiff to file necessary financial information as ordered by this court.

On or before **October 23, 2018**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done this 9th day of October, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE